UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
JACKSON COUNTY EMPLOYEES'              :   Civil Action No. 1:16-cv-01445-NRB
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, :   CLASS ACTION
                                       :
                    Plaintiff,         :
                                       :
     vs.                               :
                                       :
BHP BILLITON LIMITED, et al.,          :
                                       :
                    Defendants.        :
---------------------------------------------------------- :
GARY KATZ, Individually and on Behalf of :   Civil Action No. 1:16-cv-01920-NRB
All Others Similarly Situated,          :
                                       :   CLASS ACTION
                    Plaintiff,         :
                                       :
     vs.                               :
                                       :
BHP BILLITON LIMITED, et al.,          :
                                       :
                    Defendants.        :
---------------------------------------------------------- x

MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITY OF BIRMINGHAM FUNDS'
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE
COMPETING MOTION

City of Birmingham Retirement and Relief System and City of Birmingham Firemen's and Policemen's Supplemental Pension System (together, "City of Birmingham Funds") respectfully submit this memorandum in further support of their motion for consolidation, appointment as Lead Plaintiff, approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel, and in opposition to all competing motions.

I.      **PRELIMINARY STATEMENT**

On April 25, 2016, Lead Plaintiff movant City of Birmingham Funds filed a motion seeking to represent the class in the above-captioned securities class actions (the "Actions") pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and requesting the entry of an order: (1) consolidating the Actions; (2) appointing City of Birmingham Funds as Lead Plaintiff in the Actions; and (3) approving City of Birmingham Funds' selection of Robbins Geller as Lead Counsel.  *See* Dkt. No. 36.

While six other movants also filed motions seeking appointment as Lead Plaintiff, five of those movants have now either withdrawn their respective motions or have given notice that they do not oppose City of Birmingham Funds' motion.  *See* Dkt. Nos. 40-44.  The remaining movant, David J. Chili, claims a far smaller financial interest in the litigation ($43,618) than City of Birmingham Funds' **substantial $473,049** interest.

Because City of Birmingham Funds have the largest financial interest in the relief sought among the remaining qualified movants, and they otherwise also satisfy the typicality and adequacy requirements of Rule 23, City of Birmingham Funds are entitled to the "most adequate plaintiff" presumption.  As such, City of Birmingham Funds should be appointed Lead Plaintiff and their selection of Robbins Geller as Lead Counsel should be approved.

## II. ARGUMENT

### A. City Of Birmingham Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes a rebuttable presumption that the Lead Plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of [Rule 23]." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The movant that has demonstrated that it has the largest financial interest in the relief sought by the Class must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *See In re CMED Sec, Litig.*, No. 11 Civ. 9297 (KBF), 2012 WL 1118302, at *4 (S.D.N.Y. Apr. 2, 2012). Once that presumption is triggered, it may only be rebutted upon "proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. *Juliar v. Sunopta Inc.*, No. 08 Civ. 933 (PAC), 2009 WL 1955237, at *1-2 (S.D.N.Y. Jan. 30, 2009).

Here, City of Birmingham Funds allege the largest cognizable financial interest in this litigation and can make a *prima facie* showing that they meet the requirements of Rule 23. Indeed, City of Birmingham Funds are the paradigmatic Lead Plaintiff under the PSLRA – a sophisticated institutional investor with experience serving as a fiduciary with the resources necessary to oversee and monitor counsel and control the litigation. *See In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (finding that the PSLRA "'intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation'"); H.R. Conf. Rep. No. 104-369, at *34, (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that increasing the role of institutional investors in securities class actions will benefit shareholders and assist courts by improving the quality of representation).

### B. The Court Should Approve City Of Birmingham Funds' Selection of Counsel

Pursuant to the PSLRA, the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this regard, City of Birmingham Funds selected Robbins Geller to serve as Lead Counsel. Robbins Geller has extensive experience prosecuting factually and legally complex securities class actions, and has achieved numerous substantial recoveries in this District on behalf of shareholders.

### C. The Competing Motions Should be Denied

Since City of Birmingham Funds represent the largest financial interest and are otherwise adequate and typical, their motion should be granted. The other movants all claim a financial interest far smaller than City of Birmingham Funds; on that basis alone, their motions should be denied.

### III. CONCLUSION

For the foregoing reasons, City of Birmingham Funds respectfully request that the Court: (1) consolidate the above-captioned Actions for all purposes; (2) appoint City of Birmingham Funds as Lead Plaintiff for the Class; (3) approve City of Birmingham Funds' selection of Lead Counsel for the Class; (4) deny all other motions; and (5) grant such other relief as the Court may deem just and proper.

DATED: May 12, 2016            ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                                SAMUEL H. RUDMAN
                                                DAVID A. ROSENFELD
                                                JOSEPH RUSSELLO
                                                MICHAEL G. CAPECI
                                                ANDREW L. SCHWARTZ

                          */s/ David A. Rosenfeld*
                          DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
jrussello@rgrdlaw.com
mcapeci@rgrdlaw.com
aschwartz@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on May 12, 2016, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

                                                              */s/ David A. Rosenfeld*  
                                                              DAVID A. ROSENFELD