# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re BHP BILLITON LIMITED SECURITIES LITIGATION | : : : : : : : : : : | Civil Action No. 1:16-cv-01445-NRB <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE <br><br> EXHIBIT B |
| This Document Relates To: <br><br> ALL ACTIONS. | | |

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 201__, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of September 14, 2018 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. <u>Definitions</u>:  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. <u>Jurisdiction</u>:  This Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the settlement, as well as personal jurisdiction over all parties to the Litigation, including all Class Members.

3. <u>Incorporation of Settlement Documents</u>:  This Judgment incorporates and makes a part hereof:  the Stipulation, the Notice and the Summary Notice, all of which were filed with the Court on _____, 2018.

4. <u>Class Certification for Settlement Purposes</u>:  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Litigation as a class action brought on behalf of the Class, which is defined as all persons and entities who purchased or otherwise acquired an interest in BHP Billiton Limited and BHP Billiton plc (together, "BHP") ADRs between September 25, 2014 and November 30, 2015, inclusive, on any exchange or otherwise. Excluded from the Class are (i) Defendants, (ii) Related Parties (as defined in ¶1.24 of the Stipulation), (iii) Immediate Family Members of any natural persons in (ii), (iv) any person, firm,

- 1 -

trust, corporation, officer, director, or other individual or entity in which any Defendant had a controlling interest during the Class Period, and (v) the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any persons and entities who are found by the Court to have timely and validly requested exclusion.

5. With respect to the Class, and for purposes of this settlement only, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as:  (a) the Class Members are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:  (i) the interests of the Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation.  Accordingly, for settlement purposes only, the Class is certified, Plaintiffs are appointed Class Representatives, and Lead Counsel is appointed Class Counsel.

6. <u>Notice</u>:  The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed settlement (including the releases to be

provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and litigation expenses; (iv) their right to object to any aspect of the settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules.

7. <u>Final Settlement Approval and Dismissal of Claims</u>:  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby fully and finally approves the settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Litigation) and finds that the settlement is, in all respects, fair, reasonable, and adequate to the Class.  The Court further finds that the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Stipulation and the settlement embodied in the Stipulation are hereby finally approved in all respects.  The Settling Parties are hereby directed to perform its terms.

8. The Litigation and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice as to the Settling Parties, including the Class.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. <u>Binding Effect</u>:  The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10. <u>Releases</u>:  The releases set forth in paragraph 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim (including Unknown Claims) against any of the Released Persons, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any or all of the Released Claims against any of the Released Persons.

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the settlement, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, and discharged Plaintiffs, Class Members (except any Class Member who

timely and validly requests exclusion from the Class), and Lead Counsel from all claims and causes of action of every nature and description (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation, except claims to enforce the settlement and the terms of the Stipulation and claims or defenses arising from claims by any Class Member concerning a deficiency in administration of the settlement.

11. Notwithstanding paragraph 10 above, nothing in this Judgment shall bar any action by any of the parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. Only those Class Members filing valid and timely Proofs of Claim shall be entitled to participate in the settlement and receive a distribution from the Settlement Fund. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

13. <u>Injunction</u>: Upon the Effective Date, Plaintiffs and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, pursuing, commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons.

14. Upon the Effective Date, the Court permanently bars, enjoins, and restrains any and all claims for contribution arising out of the Litigation (including, but not limited to, the Released Claims) by any Person.

15. <u>No Admissions:</u>  Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or

any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken or submissions made pursuant to or in connection with the Stipulation and/or approval of the settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal, administrative, or other action or proceeding (whether within the United States or not), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be construed against any of the parties as an admission, concession, or presumption that the consideration to be given under the settlement represents the amount which could be or would have been recovered after trial; provided, however, that the parties and the Released Persons and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the settlement.

16. Defendants and/or their respective Related Parties may file the Stipulation and/or this Final Judgment and Order of Dismissal with Prejudice from this action in any action that may be brought against them in order to support a defense or counterclaim based on the

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.  Retention of Jurisdiction:  Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing and exclusive jurisdiction over:  (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto, including all Class Members, for the purpose of construing, enforcing, and administering the Stipulation.

18.  Rule 11 Findings:  The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.  Modification of the Agreement of Settlement:  Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the settlement.

20.  Termination of Settlement:  If the settlement is terminated as provided in the Stipulation or the Effective Date does not occur, then this Final Judgment and Order of Dismissal with Prejudice shall be vacated, rendered null and void and be of no further force and effect,

except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the parties shall revert to their respective positions in the Litigation as of August 5, 2018, as provided in the Stipulation.

21. <u>Entry of Final Judgment</u>: Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment. Thus, there is no just reason to delay the entry of this Judgment as a final judgment in this Litigation. Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Litigation.

IT IS SO ORDERED.

DATED: _____     _____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE